## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE DISTRICT OF PUERTO RICO

<table>
<tr><td>

**IN RE:**

**RAFAEL A GARCIA LUGO**
**aka RAFAEL ANGEL GARCIA LUGO**

**Debtor(s)**

</td><td>

**CASE NO. 12-04983 BKT**
**Chapter 13**

**FILED & ENTERED ON 3/20/2014**

</td></tr>
</table>

## OPINION AND ORDER

Before the court is the motion for reconsideration filed by Debtor on February 4, 2014 [Dkt No. 120], which seeks to set aside the bench order dated January 14, 2014, lifting the automatic stay upon the Debtor and Debtor's attorneys failure to appear at the hearing on motion for relief from automatic stay [Dkt No. 113]. Debtor's motion for reconsideration fails to establish the grounds for relief under Fed R. Bankr. P. 9023 or 9024. Notwithstanding, the court reviewed the motion independently and on the merits finds no grounds for relief. For the reasons set forth below, the reconsideration is denied.

**I.      Discussion**

  **A.  The automatic stay**

The automatic stay provides a debtor with breathing room from collection efforts, harassment, and foreclosure actions. Soares v. Brockton Credit Union (In re Soares), 107 F.3d 969, 975 (1st Cir. 1997); In re Rodriguez Camacho, 361 B.R. 294, 299 (1st Cir. BAP 2007). It comes into being upon the commencement of a bankruptcy case and remains in force with respect to an act against property of the estate until such property is no longer property of the bankruptcy estate. 11 U.S.C. § 362 (a)&(c)(1). See also, In re Rodriguez Camacho, supra. On the request of a party, the

automatic stay may be terminated, annulled, modified, or conditioned for cause, including lack of adequate protection of an interest in property. 11 U.S.C. § 362(d)(1). Relief from an act against property may be granted if the debtor does not have equity in such property and such property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(2). "Relief from stay orders are final and, like other final orders, should not be set aside lightly." In re Rodriguez Camacho, supra (internal citations omitted).

**B. Altering or amending a judgment**

Fed. R. Bankr. P. 9023 provides, in part, as follows:

"A motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment."

This 14-day time period is jurisdictional and may not be extended. 10 Collier on Bankruptcy ¶9023.07 (15th ed. rev.). In conformity with Fed. R. Civ. P. 59, a party seeking reconsideration "must either clearly establish a manifest error of law or must present newly discovered evidence." Marie v. Allied Home Mortgage Corp., 402 F. 3rd 1, 7 n. 2 (1st Cir. 2005) quoting Pomerleau v. W. Springfield Pub. Sch., 362 F. 3d 143, 146 n. 2 (1st Cir. 2004). In Marie, the First Circuit also cited a leading treatise, noting four grounds for granting a motion for reconsideration under Fed. R. Civ. P. 59(e). The grounds are "manifest errors of law or fact, newly discovered or previously unavailable evidence, manifest injustice, and an intervening change in controlling law." Marie v. Allied Home Mortgage Corp., 402 F 3rd at 7 (citing 11 C. Wright et al., Federal Practice & Procedure § 2810.1 (2d ed. 1995)).

Reconsideration of a judgment under Rule 59 is an extraordinary remedy that is used sparingly and only when the need for justice outweighs the interests advanced by a final judgment.

It is directed at allowing a court to correct its own errors. White v. New Hampshire Dept. of Employment Security, 455 U.S. 445, 450 (1982). Moreover, it is well settled that Rule 59(e) does not exist to give parties a second chance to prevail on the merits generally. Rule 59(e) is not to be used to reassert arguments and theories previously rejected by the Court. The rule is that Rule 59(e) motions are to be "aimed at reconsideration, not initial consideration." Harley-Davidson Motor Co., Inc. v. Bank of New England-Old Colony, N.A., 897 F.2d 611, 616 (1st Cir. 1990). See also, Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc., 899 F. 2d 119, 123 (1st Cir. 1999) (Rule 59 (e) does not allow the losing party to rehash old arguments, previously considered and rejected). Thus, parties should not use Rule 59(e) motions to raise arguments which could, and should, have been made before judgment issued. Id. (quoting Federal Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir.1986)). "Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence . . . [t]hey may not be used to argue a new legal theory." Id.

In reconsideration, Debtor restricted its arguments to excusing himself from appearing at the hearing due to an error in the attorney's calendar. Because Debtor seeks reconsideration, rather than the re-imposition of the automatic stay, the court will treat this motion as a motion for new trial under Fed. R. Civ. P. 59, made applicable to these proceedings by virtue of Fed. R. Bankr. P. 9023. Debtor filed its motion for reconsideration outside the 14 day time frame established under Fed. R. Bankr. P. 9023. Moreover, Debtor has failed to establish any manifest error of law or fact or compelling newly discovered evidence which would merit the extraordinary remedy of reconsideration under Fed. R. Civ. P. 59 and Fed. R. Bankr. P. 9023. Debtor also failed to reveal a manifest error of law, failed to establish an intervening change of controlling law or present newly discovered evidence, failed to establish the need to correct a clear error by the court or to prevent a

manifest injustice, and failed to present any exceptional or extraordinary circumstances which would justify reconsideration. Therefore, the court concludes that the request for reconsideration under Fed. R. Civ. P. 59 is unsupported and that the granting of relief from the automatic stay was appropriate in this case. Debtor's request for reconsideration of the order granting relief from the automatic stay is denied.

**C. Relief from a Judgment or Order**

Debtor also failed to establish grounds for relief under Fed. R. Bankr. P. 9024 and Fed. R. Civ. P. 60. But, because the motion for reconsideration fell outside the 14 days provided by Fed. R. Bankr. P. 9023, the court considers alternative relief under Fed. R. Bankr. P. 9024.

Rule 60 affords six categories or grounds on which to base a motion seeking relief from a final judgment, order, or proceeding. Federal Rule of Civil Procedure 60(b) seeks to balance the interest in the stability of judgments with the interest in seeing that judgments not become instruments of oppression and fraud. 10 Collier on Bankruptcy ¶9024.03 (15th ed. rev.). "[T]he court may relieve a party . . . from a final judgment, order, or proceedings for . . . mistake, inadvertence, surprise, or excusable neglect." Fed R. Civ. P. 60(b)(1). Rule 60(b)(6) permits relief "for any other reason that justifies relief." Fed R. Civ. P. 60(b)(6).

Relief under Rule 60(b) is extraordinary in nature and motions invoking that rule should be granted sparingly. Karak v. Bursaw Oil Corp. 288 F.3d 15, 19 (1st Cir.2002). Such relief is available in our jurisdiction only when exceptional circumstances exist to justify this extraordinary relief. In re Rodriguez Camacho, supra (citing Simon v. Navon, 116 F.3d 1, 5 (1st Cir.1997)). A party who seeks relief under Rule 60(b) must persuade the Court, at a bare minimum, that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he

has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted. Rodriguez Camacho, supra (citing Karak v. Bursaw Oil Corp. 288 F.3d 15, 19 (1st Cir.2002)). Except for the timeliness of Debtor's motion for relief under Fed. R. Bankr. P. 9024 and Fed. R. Civ. P. 60, none of the above factors have been demonstrated.

Debtor has failed to allege details showing inadvertence, mistake and excusable neglect. Likewise, no exceptional circumstances exist to justify an extraordinary relief under Rule 60(b).

**II. Conclusion**

Absent a showing of a clearly erroneous determination by this court, or a showing of exceptional circumstances, a manifest injustice or error of law that warrants reconsideration, Debtor's request for reconsideration of the order lifting the automatic stay is DENIED.

WHEREFORE, IT IS ORDERED that Debtors' motion for reconsideration shall be, and it hereby is, DENIED.

In San Juan, Puerto Rico this 13th day of March, 2014.

Brian K. Tester
U.S. Bankruptcy Judge